

ENTERED
06/07/2011

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|   |   |   |
|---|---|---|
| IN RE | ) | |
| | ) | |
| MICHAEL E. REDDEN, JR. and | ) | CASE NO. 10-38954-H3-13 |
| KATHERINE A. REDDEN, | ) | |
| | ) | |
| Debtors, | ) | |
| | ) | |

MEMORANDUM OPINION

The court has held an evidentiary hearing on the "Motion for Relief from the Stay [And Co-debtor Stay, If Applicable] Regarding Exempt Property" (Docket No. 43) filed by The Chasewood Bank ("Movant"). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Michael E. Redden Jr. and Katherine A. Redden ("Debtors") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on October 4, 2010.

On August 17, 2005, Michael E. Redden, Jr. executed a note, payable to Movant, in the original principal amount of $152,000 (the "Home Note"). The Home Note provided for monthly payments of $999.01 per month, with a balloon payment due on

August 17, 2010.  (Movant's Exhibit 1).[1]  The Home Note is secured by a deed of trust covering a home located at Lot 2, Block 1, of Cannon Acres, a subdivision in Harris County, Texas. (Movant's Exhibit 2).

On May 4, 2006, Michael E. Redden, Jr. executed a second note, payable to Movant, in the original principal amount of $32,000 (the "Lot Note").   The Lot Note provided for monthly payments of $392.66, with a balloon payment due on May 4, 2011. (Movant's Exhibit 3).[2]  The Lot Note is secured by a deed of trust covering an undeveloped lot located at Lot 1, Block 1, of Cannon Acres, contiguous to the home securing the August 17, 2005 note.  (Movant's Exhibit 4).

Movant has filed two proofs of claim, in the amount of $158,486.07 with respect to the Home Note (Claim No. 17-1), and in the amount of $25,876.09 with respect to the Lot Note (Claim No. 18-1).

On February 2, 2010, the Internal Revenue Service filed a notice of federal tax lien, stating a balance due of $85,531.83.[3]

---

[1] The monthly payment amount on the Home Note is consistent with a 30 year amortization of the loan.

[2] The monthly payment amount on the Lot Note is consistent with a 10 year amortization of the loan.

[3] IRS has filed a proof of claim, in the amount of $287,794.32.  Debtors have objected to the claim.  (Docket No. 38).

Bob Tyer, the president of Movant, testified that Debtors did not make the balloon payment due on August 17, 2010 on the Home Note.  He testified that Debtors did not make the balloon payment due on May 4, 2011 on the Lot Note.  He testified that, prior to the petition date in the instant Chapter 13 case, Debtors presented no proposal for the renewal or extension of either the Home Note or the Lot Note.

On November 10, 2010, Debtors filed their first plan in the above captioned Chapter 13 case.  In the first plan, Debtors proposed to make payments of $2,955 per month, for 60 months, to the Chapter 13 Trustee.  The first plan called for disbursements to Movant of $1,507.25 on the Home Note, and $325.86 on the Lot Note, plus $11,500 for what is alleged to be a cure of arrearage, over the 60 month term of the plan.  (Docket No. 14).  Debtors filed an amended plan on May 16, 2011, one day before the hearing on the instant motion.  In the amended plan, Debtors propose to make payments of $2,955 per month for 35 months, followed by a balloon payment of $150,000, and 24 additional monthly payments of $650 per month, to the Chapter 13 Trustee.  The amended plan summary calls for disbursements to Movant of $1,507.25 per month for the first 35 months, on the Home Note, and calls for a balloon payment to Movant of $140,040.25 in the 36th month.  The

amended plan calls for surrender of the lot secured by the Lot Note. (Docket No. 59).[4]

Katherine Redden testified that Debtors use the property as their homestead. She testified that Debtors have recently listed the home for sale, with an asking price of $234,900. She testified that Debtors scheduled the home with a value of $189,871 based on the tax appraisal for 2010.

Katherine Redden testified that she was previously employed by Movant. She testified that Debtors were in frequent communication with representatives of Movant, including Tyer. She testified that she last communicated with Movant during June or July, 2010. She testified that Tyer had told her that the parties needed to be in contact regarding the maturity of the Home Note. She testified that Debtors did not make a proposal for renewal or extension of the note.

Katherine Redden testified that Debtors had believed, based on their relationships with Movant's personnel, that the Movant would not allow the note to mature without making a proposal for refinancing to Debtors. This testimony was not credible.

---

[4]The court notes that Debtors have moved for approval of a non-standard form of plan, providing for either the refinance of each of the two notes, or the sale or surrender of property secured by such notes. However, those provisions are inconsisten with the provision in the plan for a balloon plan payment and a balloon distribution to Movant. The court finds that the amended plan calls for the balloon payment addressed in the plan summary.

## Conclusions of Law

Section 362(d) of the Bankruptcy Code provides in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> >
> > (2) with respect to a stay of an act against property under subsection (a) of this section, if–
> >
> > > (A) the debtor does not have an equity in such property; and
> > >
> > > (B) such property is not necessary to an effective reorganization;

11 U.S.C. §§ 362(d)(1), 362(d)(2).

Section 362(g) of the Bankruptcy Code provides:

> (g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section--
>
> > (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and
> >
> > (2) the party opposing such relief has the burden of proof on all other issues.

11 U.S.C. § 362(g).

Cause is not defined in the Code, and must be determined on a case by case basis based on an examination of the

totality of circumstances.  In re Reitnauer, 152 F.3d 341, 343 n. 4 (5th Cir. 1998); In re Mendoza, 111 F.3d 1264 (5th Cir. 1997).

Section 1322 of the Bankruptcy Code provides in pertinent part:

> (b) Subject to subsections (a) and (c) of this section, the plan may--
>
> * * *
>
> (2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims;
>
> * * *
>
> (c) Notwithstanding subsection (b)(2) and applicable nonbankruptcy law--
>
> (2) in a case in which the last payment on the original payment schedule for a claim secured only by a security interest in real property that is the debtor's principal residence is due before the date on which the final payment under the plan is due, the plan may provide for the payment of the claim as modified pursuant to section 1325(a)(5) of this title.

11 U.S.C. § 1322.

Prior to the 1994 amendments to the Bankruptcy Code, the Fifth Circuit had held, en banc, in Grubbs v. Houston First American Sav. Ass'n, 730 F.2d 236 (5th Cir. 1984) that:

> Section 1322(b) of the Code, construed in the light of its legislative history and of its context within Chapter 13 as a whole, evinces no legislative intent that a home-mortgagor debtor is barred either (a) from curing a pre-petition acceleration into maturity of the unpaid installments due upon his home mortgage, or (b)

>from proposing (in his Chapter 13 plan for consideration by the bankruptcy court) that all past due or matured amounts secured by his home mortgage be paid during the term of his plan, if approved by the court-so that, thereby, proceedings upon foreclosure of his home mortgage may properly be stayed, while permitting the debtor to pay off his arrearages in accordance with the terms of a plan confirmed by the court.

730 F.2d, at 237.

The 1994 amendments added section 1322(c)(2), quoted above, to the Bankruptcy Code.  Debtors assert that they are permitted, under section 1322(c)(2) of the Bankruptcy Code, to modify the rights of Movant, citing In re Evans, Case No. 10-35438-H1-13 (Bankr. S.D. Tex. Slip Op. 5/9/2011).  In Evans, the Chapter 13 debtor proposed a plan to address a prepetition mortgage which had not matured on the petition date.  Under the plan in Evans, the interest rate due on Debtor's home mortgage was reduced, and paid in full within the five year term of the plan.  The court held that the plan did not impermissibly modify the rights of the secured creditor, because the last payment was due, under the contract terms, before the final payment under the plan.

The cases interpreting Section 1322(c)(2) with respect to a mortgage that has matured prepetition have uniformly held that Section 1322(c)(2) permits the cure of a balloon mortgage that has matured prepetition. See In re Clements, 421 B.R. 755 (Bankr. W.D. Va. 2010); In re Henning, 420 B.R. 773 (Bankr. W.D. Tenn. 2009); In re Nepil, 206 B.R. 72 (Bankr. D.N.J. 1997); In re

Escue, 184 B.R. 287 (Bankr. M.D. Tenn. 1995).  See also In re Bartee, 212 F.3d 277 (5th Cir. 2000) ("courts apply § 1322(c)(2) solely to claims arising from mortgages that mature prior to the expiration of a debtor's chapter 13 plan").  The court concludes that, where a balloon mortgage matures prepetition, a plan may provide for the payment of the claim as modified pursuant to section 1325(a)(5) of the Bankruptcy Code .

However, that conclusion does not end the inquiry.  Section 1325(a)(5)(B)(iii)(I) of the Bankruptcy Code provides:

> (a) Except as provided in subsection (b), the court shall confirm a plan if--
>
> > (5) with respect to each allowed secured claim provided for by the plan--
> >
> > > (B)
> > >
> > > * * *
> > >
> > > (iii) if--
> > >
> > > > (I) property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts.

11 U.S.C. § 1325(a)(5)(B)(iii)(I).

Courts addressing the application of Section 1325(a)(5)(B)(iii)(I) to plans calling for balloon payments of mortgages in Chapter 13 plans have held that such plans violate

Section 1325(a)(5)(B)(iii)(I).  In re Hamilton, 401 B.R. 539 (1st Cir. BAP 2009); In re Henning, 420 B.R. 773 (Bankr. W.D. Tenn. 2009).

In the instant case, Debtors' plan does not provide for equal payments to Movant, because of the large balloon payment.  Thus Debtors' plan is not confirmable, and does not stand as adequate protection of Movant's interest.  Moreover, there is no evidence that Debtors could make the payments necessary to pay the debts owed to Movant in full during the life of the plan in equal payments, such that they would be able to modify the debt under Section 1322(c)(2).  The court concludes, in the totality of the circumstances, that the stay should lift with respect to the parcels of property secured by both the Home Note and the Lot Note.

Based on the foregoing, a separate Judgment will be entered granting the "Motion for Relief from the Stay [And Co-debtor Stay, If Applicable] Regarding Exempt Property" (Docket No. 43).

Signed at Houston, Texas on June 7, 2011.

LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE